**Cather RICHARDSON, Louis Joghtty and Josephine Joghtty, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**James A. BAKER, III, Secretary of the United States Department of Treasury; William J. Bennett, Secretary of the United States Department of Education; Lorraine R. Colville, Regional Representative to the Secretary of the United States Department of Education, in their official capacity; New York State Higher Education Services Corporation; and G.C. Services Corporation, Defendants.**

**No. 86 Civ. 2329 (WCC).**

United States District Court, S.D. New York.

June 22, 1987.

Brooklyn Legal Services, Corp. B, Brooklyn, N.Y., for plaintiffs; Elizabeth Imholz, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for Defendants James A. Baker, III, William J. Bennett, and Lorraine R. Colville; Harriet L. Goldberg, Asst. U.S. Atty., of counsel.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for Defendant New York State Higher Education Services Corp.; Raymond J. Foley, Asst. Atty. Gen., of counsel.

Hatter Donovan & McFaul, Lynbrook, N.Y., for G.C. Services Corp.; Thomas J. Donovan, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiffs Cather Richardson ("Richardson"), Louis Joghtty and his wife Josephine Joghtty (the "Joghttys") brought this action for declaratory and injunctive relief against James A. Baker, III, Secretary of the United States Treasury ("Baker"); William J. Bennett, Secretary of the United States Department of Education ("Bennett"); Lorraine R. Colville, Regional Representative to the Secretary of the United States Department of Education ("Colville"); New York State Higher Education Services Corporation ("NYCHESC") and G.C. Services Corporation ("G.C. Services"). Plaintiffs allege that the federal statutes authorizing the tax intercept program and the practices of the defendants administering the program violate plaintiffs' constitutional right to due process of law. The tax refund intercept program permits a federal agency which is owed a past due and legally enforceable debt to notify the Secretary of the Treasury who, in turn, intercepts the debtor's federal income tax refund and reduces the refund by the amount of the debt for payment to the agency. Subject matter jurisdiction is predicated upon 5 U.S.C. § 702, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1346 and 28 U.S.C. § 1361.

This matter is before the Court on defendant Baker's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and on defendant G.C. Services' motion to dismiss plaintiffs' twelfth claim for relief for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs have opposed the motions to dismiss and have moved for partial summary judgment on

two specific claims against defendant G.C. Services. For the reasons set forth below, defendant Baker's motion to dismiss the complaint for lack of subject matter jurisdiction is granted, defendant G.C. Services' motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied and plaintiff's cross motion for partial summary judgment is denied.

BACKGROUND

The Deficit Reduction Act of 1984 included two provisions, 31 U.S.C. § 3720A and 26 U.S.C. § 6402, for the purpose of collecting federally insured and unpaid student loans. Section 3720A allows the Department of Education ("DOE"), as well as other federal agencies, to refer past-due and legally enforceable debts to the Secretary of the Treasury. Before referring any debt, the DOE must: (1) notify the person owing the debt that the DOE plans to refer the debt; (2) give the person owing the debt at least 60 days to present evidence that all or part of the debt is not past-due or not legally enforceable; (3) consider any evidence presented by the debtor; (4) satisfy such other conditions as the Secretary may prescribe to ensure that the determination made with respect to such debt is valid and that the DOE has made reasonable efforts to obtain payment of such debt. 31 U.S.C. § 3720A.

The pertinent subsections of the Internal Revenue Code, 26 U.S.C. § 6402(d) through (g), permit the Internal Revenue Service ("IRS"), after referral, to reduce a debtor's federal income tax overpayment by the amount of the debt. The amount intercepted is then turned over to the DOE to satisfy the debt. Section 6402(e) also provides that no United States Court shall have jurisdiction to hear any action brought to restrain or review an authorized reduction. This subsection, however, does not preclude legal action against the DOE after the reduction is paid to it.

Plaintiffs allege that the federal statutes authorizing the tax intercept program violate the fifth amendment of the U.S. Constitution on the grounds that the program allows defendants to seize plaintiffs' tax refunds without due process of law. Specifically, plaintiffs challenge section 3720A on the grounds that the DOE may refer plaintiff's names to the IRS without adequate notice or a meaningful opportunity to contest the validity of the alleged debt and section 6402(d) on the grounds that it authorizes the IRS to intercept plaintiffs' federal income tax refunds and pay them to the DOE to satisfy alleged indebtedness without a prior hearing.

Plaintiffs further allege that DOE has delegated, by contract to G.C. Services, its responsibility under section 3720A to notify alleged debtors of its intention to refer their names to I.R.S. for interception of their tax refunds. Plaintiffs challenge the policy and practice of sending pre-intercept notices that fail to advise plaintiffs of the facts concerning the alleged debt and of their rights in connection with and possible defenses to collection of the debt, their policy and practice of referring debts to the I.R.S. and intercepting debts without a prior hearing as violative of due process guarantees of the fifth amendment, the Administrative Procedure Act and the Fair Debt Collection Practices Act ("FDCPA").

DISCUSSION

I

■ Defendant Baker has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Baker argues that the Court is without jurisdiction over the claim against him because Congress specifically withdrew such jurisdiction in 26 U.S.C. § 6402(e) which provides that, "no court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review" an authorized tax refund reduction. Plaintiffs contend that the jurisdictional restriction in section 6402(e) does not apply to their case because they are raising claims that the intercept program itself is unconstitutional. They argue that the section precludes only suits on the debts themselves. Plaintiffs

claim they are seeking neither review nor recovery of any reduction.

It is well settled that once presented with a constitutional challenge to a statute, the Court will "first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided." *Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 1165–66, 39 L.Ed.2d 389 (1974). In *Johnson,* the Court found that 38 U.S.C. § 211(a) precluded jurisdiction to review decisions of the veterans' administrator on any question of law or fact regarding the statutory denial of veterans' education benefits to conscientious objectors. *Id.* at 367, 94 S.Ct. at 1165. The Court ruled, however, that Congress did not intend to bar subject matter jurisdiction over constitutional claims. *Id.* at 373–74, 94 S.Ct. at 1168–69. To hold otherwise would have precluded any judicial consideration of constitutional claims and, thereby, have called the statute's constitutionality into serious question.

In the case before this Court, however, Congress has unambiguously withdrawn jurisdiction to hear any action to review an authorized reduction made by the Secretary of the Treasury. The question squarely presented here is whether Congress's withdrawal of jurisdiction to review reductions under section 6402(e) is constitutional. If it is, the Court must dismiss the claim against Baker for lack of jurisdiction.

It is clear that Congress may, at times, *limit* the jurisdiction of federal courts to hear constitutional challenges without putting the constitutionality of their action into question, as long as the statute promulgated provides some adequate forum for judicial review of constitutional claims. In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court distinguished *Johnson,* finding the restriction on jurisdiction in cases arising under Title II of the Social Security Act, 42 U.S.C. § 405(h), constitutional. The Court held that although section 405 precluded judicial review of decisions of the Secretary on issues of law or fact, and extended the jurisdictional restriction to *any* "action"

seeking to recover on any social security claim, section 405 permitted judicial review after a claimant sought and was granted a "final decision" by the Secretary at an administrative hearing. The result, the Court held, is reasonable and of "unquestionable constitutionality." *Salfi,* 422 U.S. at 762, 95 S.Ct. at 2465; *South Windsor Convalescent Home, Inc. v. Mathews,* 541 F.2d 910, 913–914 (2d Cir.1976).

Similarly, the tax intercept program does not preclude constitutional challenges, and in fact expressly refers potential plaintiffs to a forum in which governmental actions can be challenged. The tax intercept program "does not preclude any legal, equitable, or administrative action against the federal agency to which the amount of such reduction was paid." 26 U.S.C. § 6402(e). The program, therefore, does not preclude any challenge to the tranferee agency, constitutional or otherwise, either before or after the debt is submitted for collection. The only restraint on jurisdiction is during the time the debt and potential reduction is being processed by the Secretary of the Treasury pursuant to the program.

Plaintiffs contend that the mere deferral of jurisdiction is unconstitutional. This is incorrect; it is clearly within the power of Congress to restrict jurisdiction to suits against the agency to which the debt is allegedly owed. Federal courts may exercise only that judicial power provided by the Constitution in Article III and conferred by Congress. U.S. Const. Art. III, § 1 et. seq.; *see also Yakus v. U.S.,* 321 U.S. 414, 433, 64 S.Ct. 660, 671, 88 L.Ed.2d 834 (1943). "Congress may impart as much or as little of the Article III judicial power as it deems appropriate." *Senate Select Com. on Pres. Campaign Activities v. Nixon,* 366 F.Supp. 51, 55 (D.C.C.1973).

To function efficiently, the tax intercept program must avoid the administrative burden of subjecting the Secretary of Treasury to challenges concerning refunds. There may be situations in which a taxpayer is not entitled to a tax refund, and this

would moot any claim. Even if a tax refund is available, the DOE might not receive anything if the taxpayer has a child support obligation or a prior debt obligation to another federal agency which has statutory priority over a federal student loan offset. 26 U.S.C. § 6402(d)(2).

The tax intercept program's limits on jurisdiction to suits against the agency to which the debt is owed is not unconstitutional because the program provides access to a judicial challenge to government interception of overpayments. Restricting judicial review while the debt is processed, so long as it affords to those affected reasonable opportunity to be heard and present evidence, does not offend against due process. *See Yakus*, 321 U.S. at 433, 64 S.Ct. at 671. Plaintiffs' refunds have been turned over to DOE and plaintiffs have properly sued that agency pursuant to section 6402(e).[1] Section 6402(e), however, precludes the Court from exercising subject matter jurisdiction over claims against the Secretary of the Treasury and, therefore, plaintiffs' claims against defendant Baker must be dismissed.

## II

■ Defendant G.C. Services has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) arguing that the FDCPA does not apply to notices sent by G.C. Services because the notices were sent pursuant to statutory mandate and were identical to those sent by the DOE with the exception of the return address and phone numbers. Additionally, defendants argue that the text of the letters complied with the notice requirements of section 3720A and section 6402(d).

A debt collector is defined in FDCPA section 1692a(6) as "any person who uses any instrumentally of interstate commerce ... in any business the principal purpose of which is the collection of debts." 15 U.S.C. § 1692a(6). As such, any contract between it and any federal agency must provide that the collection agent remain subject "to laws and regulations of the United States Government ... related to debt collection practices." 31 U.S.C. § 3718(a)(2)(B). G.C. Services was retained by the DOE to correspond with debtors and attempt collection on accounts referred to them by the DOE. (Affidavit of Fred T. Dykeman, ¶¶ 4, 5 and Affidavit of E.P. Burmeister ¶¶ 4, 5).

There are no grounds for defendant's claim that the FDCPA should not apply to the notices sent by G.C. Services. Defendant concedes that the tax intercept program does not specifically exempt government contractors from the provisions of the FDCPA, but argues that the policy of the FDCPA would not be served by applying it here. Defendant argues that the purpose of the law is to curb abusive conduct by debt collectors and that since defendant's role was limited to sending out notices on behalf of DOE to fulfill a statutory notice requirement its conduct must be found to be within the spirit of the law.

Defendant's argument that the FDCPA should not be applied to its actions because it only sent notices at the behest of the DOE is not persuasive. Defendant correctly states that the intent of the FDCPA is to prevent unfair and deceptive practices. The policy of the legislation is no less served by requiring that notices sent to fulfill a statutory notice requirement comply with the provisions of the FDCPA. The notices sent pursuant to the tax intercept program by collection agents under contract to the DOE must comply with the provisions of sections 3720A and 6402(d) as well as the FDCPA.

Plaintiffs claim that the notice sent by G.C. Services violates the FDCPA which requires that, within five days of the initial notice of the debt, the collector must give notice that, if the alleged debtor disputes the debt, the collector will obtain and mail to the consumer a copy of verification of such debt and, if requested, the name and address of the original creditor. Additionally, plaintiff claims that upon request by

---

1. Federal defendants have withdrawn their motion to dismiss as to William J. Bennett and

Lorraine R. Colville.

plaintiffs within 30 days for the name and address of the original creditor, defendant failed to cease collection efforts until verification was obtained and mailed to the debtor. 15 U.S.C. §§ 1692g(a) and (b).[2] Plaintiffs have moved for partial summary judgment on these two claims pursuant to Fed. R.Civ.P. 56(a).

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), if matters outside the complaint are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided by rule 56. Fed.R.Civ.P. 12(b).

Although the DOE first asserted that it contracted with G.C. Services to send pre-offset letters, to take initial responses from debtors, and to refer to DOE all responses other than agreements to make payments or payments in full (Reynolds Declaration at ¶ 10), it later submitted a supplemental declaration asserting that G.C. Services was not used to send notices to debtors whose obligations DOE intended to collect by offset against tax refunds (Reynolds Supplementary Declaration ¶ 3). Plaintiffs, however, have appended notices they received informing them that DOE holds a defaulted student loan in their name and that if the loan is not paid that DOE will turn the matter over for collection to the I.R.S. (Plaintiffs' Complaint, Exhibit A). The pre-intercept notice received by plaintiffs directs the recipient to contact G.C. Services. Defendant concedes that plaintiffs received this notice but claim that two other notices are typically sent prior to the pre-intercept notice (Reynold's Declaration Exhibits A and F). G.C. Services received both the Richardson and Joghtty accounts for debt collection from DOE and claims they would, in their normal course of practice, have sent initial notices containing the validation language required by section 1692g(a) (Affidavits of Fred T. Dykeman, Exhibit A and E.P. Burmeister, Exhibits A and B).

Although it is clear that the pre-intercept notice received by plaintiffs does not contain the validation language required by section 1692g(a) (Complaint Exhibit A), there remains an unresolved question of material fact as to whether plaintiffs received an initial notice which did comply. Defendants have submitted sample copies of conforming notices that would have been sent to debtors prior to pre-intercept notices, but neither party has submitted copies addressed to plaintiffs. If they received the initial notices containing the vali-

2. The full text of 15 U.S.C. § 1692g(a) and (b) is as follows:

§ 1692g. Validation of debts

Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Disputed debts

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

dation language required by statute, G.C. Services' pre-intercept notice would be considered a follow-up notice which is not required to restate the validation language. *See Pressley v. Capital Credit & Collection Service,* 760 F.2d 922, 925 (9th Cir. 1985).

Section 1692g(b) requires that all debt collection efforts cease until debt verification is mailed to a debtor who notifies the collector, in writing within 30 days of the notice required by section 1692g(a), that the debtor disputes the debt or requests the name and address of the original creditor. If plaintiffs received the initial notices containing the validation language G.C. Services claims it sent, plaintiffs would have been notified that they had 30 days in which to dispute the debt or request validation of the debt. Because the parties dispute whether plaintiffs received the initial notice, it is impossible, at this stage, to determine whether defendants have violated section 1692g(b). This issue must be reserved for trial. Accordingly, plaintiffs' motion for partial summary judgment is denied.

Finally, defendant has moved to dismiss plaintiffs' claim that G.C. Services violated 15 U.S.C. § 1692f(1).[3] Plaintiffs claim that section 1692f(1) prohibits defendant from including a clause in their notice stating that in addition to reducing plaintiffs' tax refund by the amount of the alleged debt, "[t]he [IRS] will also charge a fee for this service. That fee will be added to your debt when it is referred to IRS." (Plaintiffs' Complaint Exhibit A). Defendant argues that the statute prohibits the *collection* of a fee and that plaintiffs' claim is without merit because the fee would not be collected by G.C. Services but by the IRS which is permitted by law.

Section 3720A authorizes the IRS to impose a fee on the referring agency, in this case the DOE. The DOE is permitted by the terms of the promissory note signed by the debtor to pass along "reasonable" collection costs (See e.g. Plaintiffs' Complaint Exhibit H). Because recovery of reasonable collection costs is expressly authorized in the promissory notes, it would appear that section 1692f has not been violated. The G.C. Services notice fails to state the amount of the interception fee, however, so it is not possible to determine whether the fee is reasonable within the terms of the note. Accordingly, defendants motion to dismiss this claim is denied.

## CONCLUSION

Because the Court has no jurisdiction over a claim against federal defendant Baker under the tax intercept program, Baker's motion to dismiss is granted. Defendant G.C. Services' motion to dismiss on the grounds that it is not covered by the FDCPA is denied. As to plaintiffs' twelfth claim for relief, after a careful examination of the affidavits and exhibits submitted to the Court by all parties, I have concluded that there are material facts in dispute. Accordingly, for the reasons stated above, plaintiffs' motion for partial summary judgment is denied.

SO ORDERED.

---

**3.** The full text of 15 U.S.C. § 1692f.(1) is as follows:

 § 1692f. Unfair practices

 A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.