**Richard Edward LARSEN, Plaintiff,**

v.

**Catherine L. LARSEN, et al.,
Defendants.**

Civ. No. C86–90G.

United States District Court,
D. Utah, C.D.

June 30, 1987.

Richard E. Larsen, pro se.

John W. Anderson, Salt Lake City, Utah, for defendant Damon C. Plackis.

Henry Condell, U.S. Trial Atty., Tax Division, Glen R. Dawson, Asst. U.S. Atty., Washington, D.C.

Stephen Sorenson, Asst. Utah Atty. Gen., Salt Lake City, Utah.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

The instant case involves a suit by plaintiff against Catherine Larsen ("Larsen"), plaintiff's former wife, Carol Fay ("Fay"), District Director for the Internal Revenue Service and numerous other parties who were in some way involved with plaintiff's divorce proceedings and support obligations, including Larsen's attorney and various judges and officials of the State of Utah. At this point Larsen and Fay are the only remaining defendants in the lawsuit. On May 14, 1987, this court executed

an Order directing that Fay be permitted to file a motion to dismiss out of time and denying plaintiff's requested motion for default. The court also directed plaintiff to respond within twenty days to defendant's memorandum in support of the motion to dismiss. The court stated that after receipt of plaintiff's response and Fay's reply, if any, a determination would be made as to whether oral argument would be of material assistance. Plaintiff has requested that a hearing be held with regard to both Fay's motion and the disposition of the lawsuit against Larsen. However, after examining the papers filed by the parties, and after review of the entire file in this matter, this concludes that oral argument would not be of material assistance to this court's determination.

## BACKGROUND

The relevant facts in this case are that in April 1982, plaintiff filed for divorce. The divorce was granted, and as part of the divorce decree plaintiff was required to provide support payments for the three minor children of the marriage. After plaintiff became delinquent on those payments, the State of Utah, through the Department of Social Services ("Social Services") obtained a judgment for the amount of unpaid obligations. By letter dated May 30, 1985, plaintiff was notified that social services intended to request that the United States Internal Revenue Service ("IRS") offset any tax refund due plaintiff for the 1984 tax year against the outstanding support obligations. Thereafter the State of Utah notified the Department of Health and Human Services ("HHS") of plaintiff's liability. At that point HHS certified plaintiff's liability to the Department of the Treasury. On June 3, 1985, plaintiff was notified by the IRS that under the authority of 26 U.S.C. § 6402(c) all or a part of his tax overpayment was being retained to satisfy the past due obligations.

## LEGAL ANALYSIS

■ The jurisdictional basis for plaintiff's complaint is 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242. Sections 241 and 242 of Title 18 provide for criminal liability against persons who conspire to "injure, oppress, threaten, or intimidate" any citizen in the free exercise of any right secured by the Constitution. However, there is no private right of action under those provisions and therefore to the extent plaintiff seeks relief under those provisions his complaint is dismissed. *See Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D.Ill.1983).

In Fay's motion to dismiss she outlines three separate arguments for dismissal: (1) plaintiff has failed to properly serve the United States pursuant to Rules 4(d)(5) and 4(d)(4) of the Fed.R.Civ.P. because the United States was not served by certified mail and copies were not sent to the United States Attorney, the United States Attorney General, and the proper agency; (2) the complaint fails to state a claim because the state rather than the federal government performed all but the ministerial tasks involved in the intercept, the IRS cannot be sued because of 26 U.S.C. § 6402(e), and Fay did not act under color of state law; and (3) Fay is entitled to qualified immunity as a matter of law.

■ Plaintiff's claim against Fay should be dismissed. Plaintiff has alleged no conduct on the part of Fay that could possibly create liability. Courts have recognized the limited and purely ministerial role that the IRS plays in the scheme provided for by Congress in offsetting the overpayment of taxes against state support obligations. In *Sorenson v. Secretary of Treasury*, 557 F.Supp. 729, 738 (W.D.Wash.1982), *aff'd* 752 F.2d 1433 (1985), *aff'd*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986) the court stated:

There is something uniquely inappropriate in involving the Federal Government in [a hearing contesting the retention of the overpayment]. 42 U.S.C. § 664 and 26 U.S.C. § 6402 did, to a limited extent, put the Federal Government in the child support collection business. Those sections have not, however, resulted in an abandonment of the scheme whereby the States have the primary responsibility in the collection process. Under the "trans-

**720**

fer" collection method, the defendants do no more than retain and transfer an amount certified by the State agency. They make no determinations of liability and ability to pay.

In 1984 Congress amended the statute to include 26 U.S.C. § 6402(e) which further establishes this essential policy of removing the IRS from the fray:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) or (d). No such reductions shall be subject to the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency to which the amount of such reduction was paid.

*See also Gerrard v. U.S. Office of Educ.,* 656 F.Supp. 570, 573 n. 2 (N.D.Cal.1987).

Even if plaintiff can sue Fay, as a representative of the IRS she is entitled to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 2731, 73 L.Ed.2d 396 (1982).

In focusing upon the facts relating to defendant Larsen, this court dismisses that defendant on its own motion. On April 22, 1986, the Magistrate issued a Report and Recommendation that Larsen be dismissed *sua sponte* due to a complete failure by the plaintiff to allege that Larsen acted under color of state law. This court agrees that Larsen's participation in a state divorce proceeding is wholly insufficient to meet that fundamental requirement to a 42 U.S.C. § 1983 claim.

Based upon the foregoing,

IT IS HEREBY ORDERED, that Fay's Motion to Dismiss is granted and defendant Larsen is dismissed *sua sponte.* This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.