Katherine E. SATORIUS and Dennis C. Satorius, Plaintiffs,

v.

U.S. DEPARTMENT OF TREASURY– INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. A. No. 87–C–447.

United States District Court, E.D. Wisconsin.

Oct. 20, 1987.

Mark Edward Seifert, Appleton, Wis., for plaintiffs.

Patricia J. Gorence, U.S. Atty. by Mary E. Bielefeld, U.S. Dept. of Justice, Washington, D.C., for defendant U.S. Dept. of Treasury–I.R.S.

Richard L. Hamilton, Corp. Counsel, Keith Kostecke, Appleton, Wis., for defendants Outagamie County & Randy Uhlenbrauch.

Donald J. Hanaway, Atty. Gen. by Bruce A. Olsen, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., for defendants State of Wisconsin–Dept. of Industry, Labor and Human Relations–Job Service Div. and State of Wis.–Dept. of Revenue.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

Defendant U.S. Department of Treasury–Internal Revenue Service ("United States") has moved for an order dismissing the plaintiffs' complaint against it or, alternatively, for an order granting summary judgment. The plaintiffs have not responded to this motion. Defendants State of Wisconsin Department of Revenue and Department of Industry, Labor and Human Relations ("DILHR") have also moved to dismiss the plaintiffs' complaint. The plaintiffs have opposed this motion. This court will dismiss the plaintiffs' complaint because the court does not have subject matter jurisdiction over any of the plaintiffs' claims.

The plaintiffs have filed a civil action seeking, in part, the return of their federal income tax refund ("refund") intercepted by the United States, at the request of the State of Wisconsin, to satisfy unmet arrearages in child support obligations. Alternatively, the plaintiffs seek the return of 50% of the refund, allegedly representing plaintiff Katherine Satorius' community property share. The plaintiffs contend that this court's jurisdiction is established on three separate grounds: 1) the United States is a party, 2) questions of federal law are presented, and 3) questions of constitutional law are presented. None of these grounds successfully establish a basis for this court's jurisdiction.

The plaintiffs' complaint, filed on April 27, 1987, contains ten counts, two of which are directed at the United States. Count VIII of the plaintiffs' complaint alleges that 26 U.S.C. § 6402, 42 U.S.C. § 664(b)(2)(A), and 26 U.S.C. § 6305 are unconstitutionally vague because they lack reasonable standards to guide states in determining whether more appropriate state

collection methods exist. Count IX of the plaintiffs' complaint alleges that the United States' interception of the non-obligated spouse Katherine Satorius' share of the refund, and its transfer to the state, without giving predeprivation notice to plaintiff Katherine Satorius, deprived the plaintiff of her rights to community property without due process of law. This court must dismiss the United States because this court lacks subject matter jurisdiction over the claims the plaintiffs have asserted against the United States.

The United States correctly asserts that 26 U.S.C. § 6402(c) and 42 U.S.C. § 664(a)(1) are the sections which permitted the IRS to offset the federal tax overpayments of the Satorius' and to transfer the amounts owed to state child support enforcement agencies and that the plaintiffs' citations to 42 U.S.C. § 664(b)(2)(A) and 26 U.S.C. § 6305 in Count VIII of the complaint are misplaced. Congress recently enacted 26 U.S.C. § 6402(e), which expressly precludes this court from having subject matter jurisdiction over this case insofar as plaintiffs seek review of the United States' interception and reduction of the plaintiffs' tax refunds pursuant to § 6402(c). In enacting § 6402(e), Congress clearly recognized that the IRS does not have the information and resources needed to adjudicate the validity of the alleged child support arrearage. Congress has expressly declined to waive the sovereign immunity of the United States with respect to this claim.

■ In addition to seeking review of the interception and reduction of the plaintiffs' tax refund, Count VIII of the plaintiffs' complaint against the United States challenges the constitutionality of § 6402. However, the plaintiffs allege that § 6402 is unconstitutionally vague because it fails to establish any standards for the state to use to determine whether more appropriate collection means exist before resorting to the federal tax collection mechanism. This allegation fails to state a claim because § 6402 does not require the state to consider other collection methods. Only § 6305 imposes such a requirement, and as stated

before, § 6305 is inapplicable in this case. In addition, the jurisdictional bar in § 6402(e) applies to any action against the United States, including constitutional challenges to § 6402. *See Richardson v. Baker*, 663 F.Supp. 651 (S.D.N.Y.1987) (Applying jurisdictional bar to constitutional challenge of § 6402(d)).

■ The United States argues that this court does not have subject matter jurisdiction over the plaintiffs' claim in Count IX of the complaint until plaintiff Katherine Satorius has filed a valid administrative claim for refund with the Secretary of the Treasury, pursuant to 26 U.S.C. § 7422(a) and § 6532. This court agrees. In *Sorenson v. Secretary of the Treasury*, 752 F.2d 1433, 1438 (9th Cir.1985), *aff'd*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), the Court held that lawsuits by non-obligated spouses seeking recovery of their refund portions, intercepted under § 6402(c), are refund actions and must satisfy the requirements of § 7422 before the court will have jurisdiction over the action. Moreover, *Sorensen* involved an action brought prior to the enactment of the jurisdictional bar in § 6402(e). It is possible that the Supreme Court today might hold that § 6402(e) also applies to bar suits by non-obligated spouses to recover their portion of an intercepted refund.

■ Having found that the court lacks subject matter jurisdiction over the claims the plaintiffs have asserted against the United States, the question becomes whether the court can exercise jurisdiction over the remaining defendants once the United States is dismissed from the action. This court concludes that it does not have jurisdiction over the remainder of the plaintiffs' claims against the state defendants.

The jurisdictional bar in § 6402(e) prevents this court from reviewing any claim under federal law the plaintiffs may have regarding the interception of the plaintiffs' tax refund under § 6402(c) because the refund was not received by a federal agency. The only remaining claims against the defendants are state law claims. Since the court has decided that it does not have jurisdiction over the plaintiffs' claims under

§ 6402, that the plaintiffs have not stated a claim challenging the constitutionality of the intercept program, and that it should dismiss the United States as a defendant; the court will not exercise pendent jurisdiction over the plaintiffs' remaining state law claims.

The plaintiffs' complaint primarily challenges the validity of the underlying child support obligation assessed by Outagamie County and seeks damages and injunctive relief for the alleged wrongful interception of the plaintiffs' tax refund. The tax refund has been transferred to a state agency and the plaintiffs should litigate these claims in state court.

IT IS THEREFORE ORDERED that plaintiffs Katherine and Dennis Satorius' complaint against the defendants is dismissed without prejudice, because this court lacks subject matter jurisdiction over the entire action.