[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1058

MITCHELL SWARTZ,

Plaintiff, Appellant,

v.

INTERNAL REVENUE SERVICE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, Senior District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Mitchell Swartz on brief pro se.
Loretta C. Argrett, Assistant Attorney General, Ann M. Durneyand John A. Nolet, Attorneys, Tax Division, Department of Justice,
on brief for appellees.

September 22, 1998

Per Curiam. Having carefully reviewed the record in
this case, including the briefs of the parties and the decision
of the district court, we affirm the dismissal of all
appellant's claims. We add only the following.
26 U.S.C. 6402(f) specifically bars any federal
court from hearing appellant's claim that the IRS erred in
transferring his tax refund to California authorities for
allegedly past due child support payments. This jurisdictional
bar rests on the recognition that "the IRS does not have the
information and resources needed to adjudicate the validity of
the alleged child support arrearage." Satorius v. IRS, 671 F.
Supp. 592, 594 (E.D. Wis. 1987). The duty of the IRS in this
matter is simply ministerial. It "do[es] no more than retain
and transfer an amount certified by the State agency. [It]
make[s] no determinations of liability and ability to pay." 
Larsen v. Larsen, 671 F. Supp. 718, 720 (D. Utah 1987), aff'd871 F.2d 1095 (10th Cir.), cert. denied, 493 U.S. 844 (1989). 
Appellant's allegation that he has been the victim of
IRS harassment in its attempt to collect taxes is without
merit. In order to collect damages "in connection with the
collection of Federal tax," appellant must show that the IRS
acted with recklessness or intentional disregard of a provision
of the tax law. 26 U.S.C. 7433. The only examples of
harassment alleged are a summons seeking information relating
to appellant's 1990 and 1992 tax returns and a notice of intent
to levy for unpaid liabilities for these years. Appellant
alleges that these actions are not good faith attempts to
examine his return or to collect taxes owed but retaliation for
the institution of his suit against the IRS. Since the only
support for the claim that these actions were not taken in good
faith is appellant's conclusory allegation of a retaliatory
motive, this claim was properly dismissed. See Boddie v.
Schneider, 105 F.3d 857, 862 (2d Cir. 1997) (complaint of
retaliation which contains only speculative and conclusory
allegations properly dismissed); Atkinson v. Bohn, 91 F.3d
1127, 1129 (8th Cir. 1996) (same).
Since appellant fails to show that the government
could not possibly prevail on its claim that plaintiff has
unpaid tax liabilities for the years 1990 and 1992, see Enochsv. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), his
request for an injunction is barred by 26 U.S.C. 7421. 
His claim that he is owed a tax refund for these
years must also be dismissed, "regardless of the suit's
potential merit," because appellant has not met the
jurisdictional prerequisites of having fully paid his assessed
liability and having filed a timely administrative claim with
the IRS. United States v. Forma, 42 F.3d 759, 763-64 (2d Cir.
1994). None of the other claims raised by appellant has any
merit.
Finally, since appellant has not "established a claim
or right to relief," the district court did not err in setting
aside the default judgment which it had entered against the
government. See Fed. R. Civ. P. 55(e).
Appellant's motion for sanctions is denied. His
motion for an injunction is denied as moot.
Affirmed. See 1st Cir. Loc. R. 27.1.