USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1058

 MITCHELL SWARTZ,

 Plaintiff, Appellant,

 v.

 INTERNAL REVENUE SERVICE, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Morris E. Lasker, Senior District Judge]

 Before
 
 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 

 Mitchell Swartz on brief pro se.
 Loretta C. Argrett, Assistant Attorney General, Ann M. Durneyand John A. Nolet, Attorneys, Tax Division, Department of Justice,
on brief for appellees.

September 22, 1998

 
 

 Per Curiam. Having carefully reviewed the record in
 this case, including the briefs of the parties and the decision
 of the district court, we affirm the dismissal of all
 appellant's claims. We add only the following.
 26 U.S.C. 6402(f) specifically bars any federal
 court from hearing appellant's claim that the IRS erred in
 transferring his tax refund to California authorities for
 allegedly past due child support payments. This jurisdictional
 bar rests on the recognition that "the IRS does not have the
 information and resources needed to adjudicate the validity of
 the alleged child support arrearage." Satorius v. IRS, 671 F.
 Supp. 592, 594 (E.D. Wis. 1987). The duty of the IRS in this
 matter is simply ministerial. It "do[es] no more than retain
 and transfer an amount certified by the State agency. [It]
 make[s] no determinations of liability and ability to pay." 
 Larsen v. Larsen, 671 F. Supp. 718, 720 (D. Utah 1987), aff'd871 F.2d 1095 (10th Cir.), cert. denied, 493 U.S. 844 (1989). 
 Appellant's allegation that he has been the victim of
 IRS harassment in its attempt to collect taxes is without
 merit. In order to collect damages "in connection with the
 collection of Federal tax," appellant must show that the IRS
 acted with recklessness or intentional disregard of a provision
 of the tax law. 26 U.S.C. 7433. The only examples of
 harassment alleged are a summons seeking information relating
 to appellant's 1990 and 1992 tax returns and a notice of intent
 to levy for unpaid liabilities for these years. Appellant
 alleges that these actions are not good faith attempts to
 examine his return or to collect taxes owed but retaliation for
 the institution of his suit against the IRS. Since the only
 support for the claim that these actions were not taken in good
 faith is appellant's conclusory allegation of a retaliatory
 motive, this claim was properly dismissed. See Boddie v.
 Schneider, 105 F.3d 857, 862 (2d Cir. 1997) (complaint of
 retaliation which contains only speculative and conclusory
 allegations properly dismissed); Atkinson v. Bohn, 91 F.3d
 1127, 1129 (8th Cir. 1996) (same).
 Since appellant fails to show that the government
 could not possibly prevail on its claim that plaintiff has
 unpaid tax liabilities for the years 1990 and 1992, see Enochsv. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), his
 request for an injunction is barred by 26 U.S.C. 7421. 
 His claim that he is owed a tax refund for these
 years must also be dismissed, "regardless of the suit's
 potential merit," because appellant has not met the
 jurisdictional prerequisites of having fully paid his assessed
 liability and having filed a timely administrative claim with
 the IRS. United States v. Forma, 42 F.3d 759, 763-64 (2d Cir.
 1994). None of the other claims raised by appellant has any
 merit.
 Finally, since appellant has not "established a claim
 or right to relief," the district court did not err in setting
 aside the default judgment which it had entered against the
 government. See Fed. R. Civ. P. 55(e).
 Appellant's motion for sanctions is denied. His
 motion for an injunction is denied as moot.
 Affirmed. See 1st Cir. Loc. R. 27.1.