James **LOCKHART**, Plaintiff–Appellant,

v.

**UNITED STATES** of America; John Ashcroft, Attorney General; Roderick R. Paige, as Secretary of the United States Department of Education; Paul O'Neill, United States Department of the Treasury, Defendants–Appellees.

No. 02–35759.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Filed July 23, 2004.

**1028**

Willie Jordan–Curtis, Jill Sosin, Christopher Scott Jones, Nicole Bunker–Henderson, Ross W. Henderson, The University of Arizona College of Law Pro Bono Appellate Project, Tucson, AZ, for the plaintiff-appellant.

Phillip H. Lynch, Assistant United States Attorney, Tacoma, WA, for the defendants-appellees.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

NOONAN, Circuit Judge:

James Lockhart appeals the dismissal of his complaint by the district court for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. We construe Lockhart's pro se pleading liberally and hold that he has asserted a basis for jurisdiction and a cognizable claim for an injunction to stay the government's offset of his Social Security benefits. On the merits, however, we hold that Lockhart's benefits are not protected, and accordingly affirm the judgment entered against him.

## PROCEEDINGS

On March 20, 2002, Lockhart filed a complaint against the United States, the Attorney General and the Secretaries of Education and the Treasury alleging that he had received notice from the United States Department of Education that it intended to offset a portion of his monthly Social Security benefits to secure repayment of his government educational loans. Lockhart asserted that, because "more than 10 years have passed since [his] education loans became outstanding," the attempt to collect them by offset was "time barred under 31 U.S.C. § 3716(e)(1)."

This claim was buried in a barrage of other contentions which the district court understandably found confusing and which Lockhart failed to clarify when ordered to show cause why his case should not be dismissed for failure to show a basis for jurisdiction and to state a claim for which relief could be granted. On June 4, 2002, the complaint was dismissed in its entirety, and judgment was entered for the defendants.

Lockhart appeals.

## JURISDICTION and STANDARD OF REVIEW

We have jurisdiction over the final judgment of the district court pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal for want of subject matter jurisdiction, see *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1287 (9th Cir.1984) and a dismissal for failure to state a claim. *See Transmission Agency of Northern Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 927–28 (9th Cir.2002).

## ANALYSIS

*Construction of Lockhart's Complaint.* In compliance with precedent, we bend over backwards to pluck a viable claim from Lockhart's wide-ranging complaint. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Radcliff v. Landau*, 883 F.2d 1481, 1482 (9th Cir. 1989) (per curiam). The contention that the government's offset is barred by statute is such a claim. By implication, the

claim also alleges federal question jurisdiction.

*The Statutes At Issue.* Four statutes must be considered. The Debt Collection Act of 1982 provided for administrative offset as a way of collecting debts of the United States, at the same time stating:

> (e) This section does not apply—
>
> (1) to a claim under this subchapter that has been outstanding for more than 10 years; or
>
> (2) when a statute explicitly prohibits using administrative offset to collect the claim or type of claim involved.

Pub.L. No. 97–365, 96 Stat. 1754 (1982) (codified as amended in 31 U.S.C. § 3716(e)).

Social Security benefits once appeared to fall squarely within the Act's exception. § 3716(e)(2). The Social Security Act, 42 U.S.C. § 407 was amended in 1983 to read:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

*Id.* Notably, this amendment did not mention offset by the government. Arguably, offset is included under "other legal process." Offset, however, is a form of self-help that may not fall within the term. Congress, having so recently amended the Debt Collection Act to provide for administrative offset, may not have intended to deny this remedy to the government. To decide this case we need not resolve the question.

In 1991, the Higher Education Assistance Act was amended to read as follows:

> (1) It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
>
> (2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by—
>
> . . . .
>
> (D) the Secretary, the Attorney General, the administrative head of another Federal agency . . . for the repayment of [a student loan] . . . that has been assigned to the Secretary. . . .

20 U.S.C. §§ 1091a(a)(1)-(2). As of 1991, therefore, the statute of limitations contained in the Debt Collection Act no longer prevented the collection of student loans, and the only restriction the government arguably faced in collecting delinquent student loans was that it could not use administrative offset to reach social security benefits. *See* 42 U.S.C. § 407.

However, in 1996, Congress amended the Debt Collection Act by adding:

> (c)(3)(A)(i) Notwithstanding any other provision of law (including sections 207 and 1631(d)(1) of the Social Security Act 42 U.S.C. 407 and 1383(d)(1)) . . . all payments due to an individual under the Social Security Act . . . shall be subject to offset under this section.
>
> (ii) An amount of $9,000 which a debtor may receive under Federal benefit

programs cited under clause (i) within a 12–month period shall be exempt from offset under this subsection.

31 U.S.C. §§ 3716(c)(3)(A)(i)-(ii). This statute explicitly removes any protection under section 407 that Social Security benefits may have had from offset, and thus allows the government to reach Lockhart's benefit in order to collect on his debt.

This amendment was inserted in the Debt Collection Act without removing the language already quoted about the non-applicability of "this section" to claims outstanding for more than 10 years or to statutes explicitly prohibiting administrative offset. *See* 31 U.S.C. §§ 3716(e)(1)-(2).

A puzzle has been created by the codifiers. But it seems clear that in 1996, Congress explicitly authorized the offset of Social Security benefits, and that in the Higher Education Act of 1991, Congress had overridden the 10–year statute of limitations as applied to student loans. That the codifiers failed to note the impact of the 1991 repeal on section 3716(e) does not abrogate the repeal. Because the Debt Collection Act's statute of limitation is inapplicable here, the government's offset is not time-barred.

Accordingly, we affirm the judgment entered against Lockhart.