**Fidelis I. OMEGBU, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF TREASURY, and United States Department of Education, Defendants–Appellees.**

No. 04–1814.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Dec. 16, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Fidelis I. Omegbu, Milwaukee, WI, pro se.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Defendants–Appellees.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

## ORDER

In 1993 Fidelis Omegbu defaulted on his student loans. Three and a half years later, his lenders assigned his debt to the Department of Education. After unsuccessful collection attempts, the Department of Education notified Omegbu by letter in 1997 that it would offset his debt through the Treasury Offset Program, a centralized program administered by the Department of the Treasury to help federal agencies collect delinquent debts owed to the federal government. Among other things the Department of Education's letter, which was sent to his last known address, explained how Omegbu could obtain copies of documents regarding the debt, settle the debt, or request a hearing to contest the debt. Omegbu did not respond, and the Department of Education certified his account for offset in 1998. In April 2003 the Commissioner of Social Security awarded Omegbu disability benefits, and the Department of the Treasury promptly notified Omegbu that beginning no earlier than July 2003 it would offset up to 15% of his benefits to satisfy his debt to the Department of Education.

Within four days of receiving the Department of the Treasury's letter, Omegbu sued both departments in district court, denying that he had any debt, requesting copies of documents proving his loans, arguing that the offset was contrary to the Social Security Act and the statute that governs the Treasury Offset Program, and requesting the court to "[d]ismiss this action from the department of treasury for illegal taking of [his] funds without justification." The court dismissed Omegbu's claims against the Department of the Treasury, apparently on grounds that its role in the offset process is ministerial and thus was not a proper defendant, and granted summary judgment for the Department of Education.

Omegbu appealed. Although the parties noted that Omegbu's claims raised a federal question, *see Lockhart v. United States*, 376 F.3d 1027, 1028–29 (9th Cir. 2004), the parties' briefs did not identify any statute waiving sovereign immunity to permit Omegbu's suit against the United States. We ordered the parties to submit supplemental jurisdictional statements, and we are now satisfied that such waivers exist. The Higher Education Act, 20 U.S.C. § 1082(a)(2), supplies a waiver for Omegbu's suit against the Department of Education for non-injunctive relief. *See Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir.1988). The government also points out that the Administrative Procedure Act, 5 U.S.C. § 702, provides a waiver for Omegbu's suit for injunctive relief against the Treasury. *See Bowen v. Massachusetts*, 487 U.S. 879, 891–93, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1438 (7th Cir.1996) (en banc); *Aetna*

*Cas. & Sur. Co. v. United States,* 71 F.3d 475, 478 (2d Cir.1995). We proceed to the merits.

On appeal Omegbu no longer disputes the debt; instead, he challenges the legality of the offset. First, Omegbu argues that section 207 of the Social Security Act, 42 U.S.C. § 407, which protects payments arising under the Social Security Act from attachment or legal process, forbids offset of his benefits payments. But in 1996 Congress amended § 3716 expressly to authorize offset of payments made under the Social Security Act "notwithstanding" section 207. *See* 31 U.S.C. § 3716(c)(3)(A)(I); *Lee v. Paige,* 376 F.3d 1179, 1180 (8th Cir.2004); *Lockhart,* 376 F.3d at 1030. Omegbu has given us no reason to question the legality of the offset in light of that amendment.

Additionally, Omegbu argues that the defendants violated both due process and § 3716 by merely mailing a letter to his house informing him that his benefits payments would be offset. Omegbu's arguments are somewhat difficult to parse, but he appears chiefly to be challenging the adequacy of notice by claiming that "simple notice by letter, and then offset . . . is not sufficient process." Regardless, by sending notice by mail to his last known address, the defendants complied with the constitutional requirements that they provide notice reasonably calculated to apprise Omegbu of the offset, and to provide him an opportunity to present his objections. *See Dusenbery v. United States,* 534 U.S. 161, 168–70, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *cf. Setlech v. United States,* 816 F.Supp. 161, 166–67 (E.D.N.Y.1993) (holding that mailing a letter to the last known address satisfied notice requirements in similar offset statute, 31 U.S.C. § 3720A), *aff'd,* 17 F.3d 390 (2d Cir.1993). Moreover, the defendants also complied with the procedures set forth in 31 U.S.C. § 3716. The Department of Education sent written notice to Omegbu's last known address and provided him the opportunity to be heard before certifying his account for offset. *See* 31 U.S.C. § 3716(a); 34 C.F.R. §§ 30.20–.31, .33. And the Department of the Treasury timely sent him a letter notifying him that his benefits would be reduced. *See* 31 U.S.C. § 3716(c)(7)(A); 31 C.F.R. § 285.4.

For these reasons the judgment of the district court is AFFIRMED.