# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Civil Action No. 02-cv-651 (RMC)** ) |
| **FONECASH, INC. & DANIEL E. CHARBONEAU,** | ) ) ) |
| **Defendants.** | ) ) ) |

## MEMORANDUM OPINION

The Securities and Exchange Commission, through the Department of Treasury and Pioneer Credit Recovery, Inc., a private collection agency, is attempting to collect $20,635.43 from Daniel E. Charboneau, which is the current value of a civil monetary penalty imposed in 2004 as a result of securities violations to which he admitted. Mr. Charboneau, proceeding *pro se*, asks the Court to review the Commission's collection action under the jurisdiction the Court retained "for all purposes."[1] Mr. Charboneau seeks the elimination or reduction of the civil penalty as well as the elimination or reduction of interest on the penalty. The Commission responds that he cannot now modify or amend the judgment against him and that the post judgment interest is mandatory. While the Commission is correct on these points, it did not provide Mr. Charboneau adequate notice of its intent to use the Department of Treasury Offset Program ("TOP") to obtain payment. While the Commission asserts that it sent notice to Mr. Charboneau's last known address, he had updated the

---

[1] The Court retained jurisdiction over the settlement in this case. *See* Order [Dkt. # 59].

docket with a new address, which the Commission ignored. The notice was, therefore, infirm and cannot be relied upon by the Commission.

## I. FACTS

This Court entered summary judgment in favor of the Securities and Exchange Commission and against Mr. Charboneau on November 15, 2004, finding that he engaged in securities fraud. *See* Mem. Op. [Dkt. # 60]. The accompanying order assessed a penalty in the amount of $10,470.30. *See* Order [Dkt. # 59]. By Revised Order dated December 20, 2004, the Court denied the Commission's motion for a disgorgement remedy because Mr. Charboneau has already been ordered "to pay a fine equal to that which would be disgorged and that, in his penurious circumstances, ordering the equitable remedy of disgorgement on top of the fine and injunctions is not necessary or appropriate." Revised Order [Dkt. # 64]. The Revised Order, which was the final order of judgment in this case, indicated that the monetary penalty was payable within 45 days after the Revised Order was issue. *Id*. at 4. The Court noted that Mr. Charboneau was then "a prisoner at the Federal Correction institution in Otisville, where he [was] serving a sentence for securities fraud." *Id.* at 2.

Mr. Charboneau filed a Motion for Review on February 22, 2011, asking the Court to review the Revised Order, the final order of judgment in this case. *See* Mot. for Review [Dkt. # 67]. He explained that he was serving a prison sentence between January 20, 2004 — when the penalty became due under the Court's order — and November 14, 2005. While in prison, he earned only a prison salary of $89 per month. By the time he was released, his family had moved from White Plains, New York to Watertown, Massachusetts. After leaving prison, Mr. Charboneau began

receiving Social Security benefits[2] and began working. He was laid off in 2006, and he has been unable to obtain a job since then. His unemployment benefits expired in March of 2010. In December of 2010, Mr. Charboneau received a collection letter from Pioneer, attempting to collect the penalty of $10,470.30 plus post judgment interest — in the total amount of $20,635.43.

Mr. Charboneau sent a letter to Pioneer challenging the interest calculation and asserting that repayment of the penalty and interest was impossible due to his lack of income and assets. Pioneer responded, indicating that it needed a financial statement in order to present Mr. Charboneau's plea for reduction or elimination of the debt. Mr. Charboneau sent the statement, but Pioneer rejected it because it was not signed by Mr. Charboneau's spouse. Mr. Charboneau has not paid Pioneer. It does not appear that Pioneer has presented any request for deferment or reduction on Mr. Charboneau's behalf.

Then, starting on February 4, 2011, the Commission used TOP to reduce the Social Security benefits deposited into Mr. Charboneau's account. Mr. Charboneau's monthly benefit was reduced by $159 for repayment of the penalty and interest due in this case. The Commission had sent Mr. Charboneau notice on July 14, 2006, regarding its right to collect the debt through TOP. *See* Mot. for Review [Dkt. #67], Att. E (Letter from Commission). The letter warned that the Commission could collect the debt by offsetting a percentage of any federal payments to Mr. Charboneau, including social security benefits. *Id*. at 1-2. The notice stated that Mr. Charboneau had the right to pay the debt in full, agree to a payment plan, or request a review of the amounts owed. *Id*. at 2-3. It also notified Mr. Charboneau that post judgment interest could be charged pursuant to 28 U.S.C. 1961(a). *Id*. at 4.

---

[2] As of January 2011, Mr. Charboneau was 79 years old.

However, Mr. Charboneau did not receive the notice in 2006. The Commission sent it to his White Plains address, despite the fact that in 2004, Mr. Charboneau had filed a notice of change of address with the Court, providing his address in prison. *See* Notice of Change of Address [Dkt. # 45]. In 2006, Mr. Charboneau was no longer in prison, but he also no longer lived in White Plains. He and his family had moved from White Plains to Watertown.

Mr. Charboneau now requests that the Court review the judgment, as he seeks elimination or reduction of the monetary penalty and post judgment interest.[3]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P.  60(b). Motions under Rule 60(b) must be filed within a reasonable time, and for reasons (1), (2), and (3), no more than one year after entry of the judgment.

The catch-all provision, Rule 60(b)(6), gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant

---

[3] Mr. Charboneau also moved to amend his motion to alter judgment and moved to join additional parties in this case. *See* Mot. to Amend Mot. to Alter J. and for Joinder [Dkt. # 70]. The request to amend the motion to alter judgment will be granted. The motion to join additional parties will be denied as moot, because Mr. Charboneau later withdrew the motion for joinder. *See* Def.'s Reply [Dkt. # 73] at 1-2.

from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d 792 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). Relief under Rule 60(b)(6) "is not available unless the other clauses, (1) through (5), are inapplicable." *Goland v. CIA*, 607 F.2d 339, 372-73 (D.C. Cir. 1979). The party seeking relief from judgment bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-84 (1992); *accord Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 100 n.3 (D.D.C. 2008).

### III. ANALYSIS

While Mr. Charboneau does not allege that Rule 60(b) applies, he seeks to alter the judgment and Rule 60(b) serves as the means for doing so. Even so, Mr. Charboneau has not borne his burden of proof. He has not shown mistake; newly discovered evidence; fraud, misrepresentation, or other misconduct; that the judgment is void, satisfied, released, or discharged; or that there is any other extraordinary reason to justify relief from the operation of the judgment. Moreover, the motion for review is untimely under Rule 60(b). Mr. Charboneau filed his motion for review in 2011 — more than six years after the 2004 Revised Order was entered — which is an unreasonably long time after the entry of the judgment. The monetary penalty will not be reduced or eliminated, and the motion to alter the judgment will be denied.

With regard to post judgment interest, Mr. Charboneau complains that he was not previously notified that post judgment interest could be assessed. However, Mr. Charboneau has been on notice of the penalty since the Revised Order was entered on December 20, 2004, and the Commission is entitled to post judgment interest as a matter of law. 28 U.S.C. 1961(a) provides that "interest shall be allowed on any money judgment in a civil case recovered in district court." Thus, civil litigants who win money judgments are entitled to post judgment interest. "This statute has

been interpreted to mean that once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed." *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1103 (D.C. Cir. 1984) (citing *Perkins v. Standard Oil Co.*, 487 F. 2d 672, 675 (9th Cir. 1973)). Ignorance of the law does not excuse Mr. Charboneau of his obligation to pay the legally mandated post judgment interest. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611 (2010) (mistake or ignorance of law is no defense); *see also Mitchell v. C.I.R.*, 292 F.3d 800, 803-04 (D.C. Cir. 2002) (taxpayer's ignorance of the tax consequences of income received is no defense to the obligation to pay taxes). The Commission is entitled to collect post judgment interest.

While the motion to alter the judgment (and the corresponding obligation to pay the penalty and interest) lacks merit, Mr. Charboneau did not receive proper notice of the Commission's intent to utilize TOP to collect the debt. The statute that governs TOP requires prior notice to the debtor:

> (a) After trying to collect from a person under [31 U.S.C. § 3711], the head of an . . . agency may collect the claim by administrative offset. The head of the agency may collect by administrative offset only after giving the debtor –
>
> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
>
> (2) an opportunity to inspect and copy the records of the agency related to the claim;
>
> (3) an opportunity for a review within the agency of the decision of the agency related to the claim; and
>
> (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C. § 3716(a); *see also* 17 C.F.R. § 204.4. On July 14, 2006, the Commission sent the notice indicating that it intended to seek collection of the judgment through TOP, but it sent the notice to Mr. Charboneau at his address in White Plains, ignoring the change of address that Mr. Charboneau had filed on this docket in 2004. *See* Notice of Change of Address [Dkt. # 45]. The Commission argues that it complied with the notice requirement by sending the notice to Mr. Charboneau's last known address. *See Omegbu v. Dep't of Treasury*, 118 Fed. Appx. 989, 991 (7th Cir. 2004) (notice of the intent to collect a debt via the reduction of social security payments through TOP was sufficient when it was mailed to the debtor's last know address). However, Mr. Charboneau had filed a change of address with the Court, providing his address in prison. Thus, the White Plains address was not Mr. Charboneau's last known address, and the Commission's notice regarding TOP was insufficient and not in accord with the statute or regulations. The Commission will be required to cease its utilization of TOP and, within 60 days of the Court's Order, reimburse Mr. Charboneau for monies wrongfully seized. If the Commission wishes to utilize TOP, it will have to start anew with proper notice to Mr. Charboneau.

Mr. Charboneau also complains that the outstanding obligation to pay penalty and interest is simply unfair because he lacks sufficient means to pay the debt. 31 U.S.C. 3711(a) permits the head of an agency to compromise or suspend collection of a debt as follows:

> The head of an . . . agency –
>
> (1) shall try to collect a claim of the United States Government for money or property arising out of the activities of, or referred to, the agency;
>
> (2) may compromise a claim of the Government of not more than $100,000 (excluding interest) or such higher amount as the Attorney General may from time to time prescribe that has not been referred to

another executive or legislative agency for further collection action, . . . ;

(3) may suspend or end collection action on a claim referred to in clause (2) of this subsection when it appears that no person liable on the claim has the present or prospective ability to pay a significant amount of the claim or the cost of collecting the claim is likely to be more than the amount recovered.

31 U.S.C. § 3711(a).[4]  Mr. Charboneau says that the Commission has been unable to collect from him because he has no ability to pay.  The Commission has failed to respond to this allegation. Accordingly, the Commission will be required to file a notice setting forth the procedures for requesting a compromise, suspension, or end to debt collection due to inability to pay.

## IV. CONCLUSION

Mr. Charboneau's motion for review [Dkt. # 67], seeking to alter or amend the judgment and post judgment interest, will be denied.  However, because the Commission failed to provide proper notice of its intent to utilize TOP, the offset of Mr. Charboneau's social security

---

[4] The corresponding regulation similarly provides that an agency may terminate collection activity when:

(1) The agency is unable to collect any substantial amount through its own efforts or through the efforts of others;

(2) The agency is unable to locate the debtor;

(3) Costs of collection are anticipated to exceed the amount recoverable;

(4) The debt is legally without merit or enforcement of the debt is barred by any applicable statute of limitations;

(5) The debt cannot be substantiated; or

(6) The debt against the debtor has been discharged in bankruptcy.

31 C.F.R. § 903.3.

benefits shall cease immediately, and, within 60 days of the Order that accompanies this Opinion, the Commission shall reimburse Mr. Charboneau for monies wrongfully seized.  Further, no later than July 27, 2011, the Commission shall file a notice setting forth the procedures that a debtor must follow to request a compromise, suspension, or end to debt collection due to alleged inability to pay. A memorializing Order accompanies this Memorandum Opinion.


Dated: July 6, 2011                                              _____/s/_____
                                                                ROSEMARY M. COLLYER
                                                                United States District Judge