THE SOUTHERN KANSAS FARM, LOAN AND TRUST COM-
PANY v. MARY A. GARRITY AND HENRY GARRITY.

No. 9446.

1. MISTAKE—*release of mortgage entered of record by mistake may be set aside in equity and mortgage foreclosed.* A release of a mortgage made and entered of record by mistake, where the debt was not in fact paid and when there was no purpose to release the mortgaged premises from the lien of the mortgage debt, may be set aside in equity, and the mortgage will be enforced as a security for the payment of the mortgage debt.

2. RELEASE OF MORTGAGE—*though of record, only prima facie evidence of discharge, and fraud, accident, or mistake may be shown.* A release of the mortgage so made is only *prima facie* evidence of its discharge, and the party asking relief may show that it was made by fraud, accident, or mistake.

*Error from Sumner District Court.*
*Hon. James A. Ray, Judge.*

REVERSED AND REMANDED.          OPINION FILED MARCH 6, 1897.

*W. W. Schwinn,* for plaintiff in error.

*L. Nebeker, A. E. Parker,* and *Valentine, Godard & Valentine,* for defendants in error.

JOHNSTON, J. In 1886, Henry Garrity and Mary A. Garrity owned three quarter-sections of land in Sumner County, which they mortgaged to secure a loan of $4,800, obtained from plaintiff in error, a Loan Company, which shortly afterward sold and transferred the note and mortgage to a party in New York. In 1889, the Garritys were in arrears on the loan, and they made an arrangement with the Loan Company by which a portion of the land was to be sold, the mortgage debt reduced, and the loan for the balance extended for a period of five years. John Bradley, who was at that time manager for the Company, arranged the terms of the extension with the Garritys. The Garritys then sold two quarter-sections of the mortgaged land, and, with the proceeds of the sale, the mortgage debt was reduced until there remained only about $2,100. The Loan Company took up and had assigned to it the note and mortgage previously transferred to the party in New York. A note for $2,100 and a mortgage to secure it were executed by the Garritys and delivered to the Company; and it appears to have been a condition of the transfer that the $2,100 mortgage should be a first lien upon the premises. Judgments, however, were rendered against the Garritys, in the District Court of Summer County, which related back to the first day of the term and appeared to be liens prior to that of the mortgage. The Garritys failed to discharge these liens; and George A. Whiteley — who at the time was secretary of the Loan Company — proceeding upon the theory that the title was to be clear and the mortgage a first lien, and that the mortgage was taken as a renewal of a portion of the loan, decided to rely on the old note and mortgage; and he thereupon exe-

cuted a release of the $2,100 mortgage, which was
entered of record. It appeared, however, that Brad-
ley, the former manager of the Company, had
agreed with Garrity that the $2,100 mortgage should
be taken and accepted as full payment and satisfac-
tion of the prior mortgage, rather than as a renewal.
In an action afterward brought on the first note and
mortgage, it was established and settled that the
second note and mortgage were given and accepted as
absolute payment of the first note and a discharge of
the mortgage securing it. The present action was
then brought to recover upon the $2,100 note, and to
foreclose the mortgage securing it, which the secre-
tary, Whiteley, had inadvertently canceled. John R.
Kavanaugh, to whom the Garritys had made a deed of
the land after the last mortgage was executed, was
made a party defendant. This deed was, in fact, a
mortgage; and was later in date than the mortgage
given to the Loan Company. He failed to assert his
lien, and, no relief being asked or given him, he is
not a necessary party to a review in this Court. The
trial court held that the release by Whiteley, and the
action of the Loan Company in attempting to fore-
close the mortgage first given, deprived the plaintiff
of his security and discharged the land from the lien
of the mortgage. Whiteley, who acknowledged having
received payment of the mortgage debt, did so under
a mistake; as no payment was received, and there
was no consideration for the release which he en-
tered. He had only been acting as secretary for a
short time, and was not aware of the conditions upon
which the mortgage was taken. It is conceded that
the mortgage debt was not paid, and that there was
no purpose of surrendering the mortgage lien on Gar-

rity's land which secured the remainder of the mortgage debt. Whiteley was not instructed by the directors or any managing officer of the Company to cancel the mortgage, and he had no authority to do so until it was paid and discharged in the usual way. But Whiteley did not intend to surrender the lien on the premises, nor to acknowledge that full payment had been made. Acting under a mistake of facts, he canceled the wrong mortgage. The receipt, or release, is not conclusive upon the parties, nor does it necessarily operate as a discharge of the mortgage. "It is well settled in this State that a receipt furnishes only *prima facie* evidence of the declarations and admissions which it contains, and that a party giving a receipt admitting payment in full has a right to show that it is untrue." *Railroad Co. v. Davis*, 35 Kan. 464. Neither is a release entered upon the records conclusive upon the parties where payment is not made and it appears to have been done by accident or mistake. In such a case, equity will intervene and grant relief. The cancellation of the mortgage is to be regarded as only *prima facie* evidence of its discharge, and the party asking relief may show that the release was made by fraud, accident, or mistake. When that is shown the mortgage will be held and enforced as a valid security. In this case there are no intervening parties, and no questions as to what their rights might be can be raised. Under the testimony, there can be no doubt that, as between the parties themselves, the release is to be treated as a nullity, and that the plaintiff is entitled to a foreclosure of its mortgage. *Banking Co. Woodruff*, 1 Green's Ch. 117; *Banta v. Vree-*

2. Release of mortgage only prima facie evidence.

1. Release of mortgage by mistake may be set aside.

*land*, 15 N. J. Eq. 103; *Freeholders of Middlesex v. Thomas & Martin*, 20 id. 39; *Bond, Adm'r, v. Dorsey*, 65 Md. 310; *Bruce v. Bonney*, 12 Gray, 107.

The judgment of the District Court will be reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

All the Justices concurring.