In re Richard Dennis GILBERT and Earlene Easter Gilbert, Debtors.

Carl R. Clark, Trustee, Plaintiff,

v.

Banc One Mortgage Corporation (f/k/a Bank One Milwaukee, N.A.), Defendant.

Bankruptcy No. 99–21594–7.
Adversary No. 00–6205.

United States Bankruptcy Court, D. Kansas.

March 6, 2002.

Steven L. Crouch, South & Associates, P.C., Kansas City, MO, for defendant.

## MEMORANDUM OPINION [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

In 1995, Richard and Earlene Gilbert, the debtors, granted Bank One Milwaukee, N.A., a mortgage in improved real estate located in Johnson County, Kansas, and the bank recorded the mortgage with the Johnson County Register of Deeds. Two years later, in July 1997, the bank recorded a satisfaction and discharge of the mortgage debt.

Another two years passed and the Gilberts filed for Chapter 7 relief, but did not exempt the property from the bankruptcy estate. When the trustee, Carl Clark, examined the record and saw the mortgage had been satisfied, he sued to avoid the mortgage lien. To that end, he has now moved for summary judgment [2] as a bona fide purchaser under 11 U.S.C. § 544(a)(3). The court concludes that the motion should be granted and the mortgage avoided.

### Summary Judgment

Federal Rule of Bankruptcy Procedure 7056 adopts the summary judgment procedure of Federal Rule of Civil Procedure 56. Rule 56(c) makes summary judgment appropriate when, after consideration of the record, the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [3] The moving party has the burden of establishing that he or she is entitled to summary judgment. [4]

### The Record

According to the documents supporting the trustee's motion, the relevant transactions were conducted in the name of Bank One Milwaukee, N.A. But the trustee's adversary complaint does not name Bank One Milwaukee, N.A., as the defendant mortgagee; rather, it names Banc One Mortgage Corporation. The caption of the suit, however, does indicate that Banc One Mortgage Corporation was formerly known as Bank One Milwaukee, N.A.

The trustee's motion for summary judgment contains the customary Statement of Uncontroverted Facts, which refers to attached exhibits. Although Banc One Mortgage Corporation pleaded in opposition to the motion, it failed to controvert the truth of the stated facts or the legitimacy of the attached exhibits.

In addition, the parties stipulated to the facts in a final pretrial order. [5] The parties borrowed those stipulations from the Statement of Uncontroverted Facts (with certain references deleted). The following paragraph contained in both the Statement of Uncontroverted Facts and the pretrial order stipulations implies that the mortgage named the defendant, Banc One Mortgage Corporation, as the mortgagee.

7. The Defendant filed a mortgage December 12, 1995 with the Johnson County Register of Deeds in Book 4748, Page 156, against property legally de-

---

1. Carl R. Clark of Lentz & Clark, P.A., Overland Park, Kansas, appears on behalf of the trustee. Christopher R. Williams of South & Associates, P.C., Kansas City, Missouri, appears for the defendant, Banc One Mortgage Corporation f/k/a Bank One Milwaukee, N.A.

2. Trustee's Motion for Summary Judgment filed September 17, 2001 (Doc. # 20).

3. Fed.R.Civ.P. 56(c).

4. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

5. Final Pre-Trial Conference Order filed September 25, 2001 (Doc. # 21).

scribed as Lot 3, Tract 4, Hampshire Square Replat # 6, a subdivision in the City of Shawnee, Johnson County, Kansas, which property was owned by Debtors on the date they filed their bankruptcy petition. The mortgage secured a debt from Debtors to Defendant in the original amount of $63,000.00.

But this is not borne out by Exhibit B attached to the motion, which is a copy of the mortgage filed December 12, 1995. The mortgage names Bank One Milwaukee, N.A., as the mortgagee, not Banc One Mortgage Corporation.

Also attached to the motion as Exhibit C is a copy of a Satisfaction of Mortgage. The Satisfaction of Mortgage shows it was executed on behalf of Bank One Milwaukee, N.A., on June 9, 1997, and filed with the Register of Deeds of Johnson County, Kansas, on July 11, 1997, at Page 727 of Book 5243. Nevertheless, the following paragraph from the Statement of Uncontroverted Facts and stipulations implies that Banc One Mortgage Corporation was the mortgagee who filed the satisfaction of mortgage as mortgagee.

8. The Defendant filed a Release of the mortgage referenced above on July 11, 1997, with the Johnson County Register of Deeds in Book 5243, Page 727.

The pleadings and briefs of both parties refer only to Banc One Mortgage Corporation and do not state when Bank One Milwaukee, N.A., changed its name to Banc One Mortgage Corporation. Since the defendant has failed to contest the trustee's Statement of Uncontroverted Facts and all the pleadings and briefs refer only to Banc One Mortgage Corporation, the court finds that the corporate name change took place after the relevant transactions exhibited by the documents attached to the motion for summary judgment.

Finally, the Statement of Uncontroverted Facts and the stipulations reveal that the trustee has sold the property and holds the proceeds, after deductions, to await this court's decision:

9. The Trustee sold the real estate upon which the above mortgage was filed pursuant to prior order of the Court.

10. The Trustee received net proceeds from the sale of the subject property of $75,895.76. From those proceeds he subsequently paid out the sum of $5,104.24 in payment of real estate taxes, closing costs, title insurance and homes association dues.

### Jurisdiction

The parties stipulated in the pretrial order that the court has jurisdiction over the parties and subject matter of the action; that venue in this district is proper; that all necessary and indispensable parties are joined; and that the court may try the adversary proceeding to final judgment. The court finds further that the adversary proceeding is core under 28 U.S.C. § 157 and that the court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D. Kan. Rule 83.8.5).

### Constructive Notice

■ Through Mr. Clark's reliance upon the avoiding power of 11 U.S.C. § 544(a)(3), he enjoys the rights and powers of a bona fide purchaser as of the commencement of the bankruptcy case. A bona fide purchaser is defined as "One who buys something for value without notice of another's claim to the item or of any defects in the seller's title."[6] The avoid-

---

6.  BLACK'S LAW DICTIONARY 515 (Pocket ed.1996).

ing statute directs the court to determine Mr. Clark's status, rights, and powers as a bona fide purchaser by consulting applicable state law, in this case Kansas law.[7]

The Kansas law on the rights and powers of a bona fide purchaser of real property is expressed in Kansas Statutes Annotated §§ 58-2221, 58-2222, and 58-2223.

K.S.A. § 58-2221 permits the parties to a real property transfer to file a written transfer instrument with the register of deeds of the county in which the conveyed property is located.

K.S.A. § 58-2222 decrees that filing such an instrument with the register of deeds imparts notice of its contents to subsequent purchasers and mortgagees of the property.

And, finally, K.S.A. § 58-2223 provides that if the instrument of conveyance is not filed with the register of deeds, it is invalid against later purchasers and mortgagees, unless they possess actual notice of its existence. Stated another way, if the instrument is not recorded with the register of deeds, the statute does not charge purchasers and mortgagors with "constructive notice" of its existence, such notice being "notice presumed by law to have been acquired by a person and thus imputed to that person."[8]

### Bona Fide Purchaser

■ As the parties have so circuitously stipulated, Bank One Milwaukee, N.A., now Banc One Mortgage Corporation, recorded the mortgage but later satisfied and discharged it on the record. To a purchaser examining the record after the release, the mortgage would appear no longer valid. The record would therefore impart no constructive notice to the purchaser, who would be classified as a "bona fide purchaser," one without notice of another's claim or of any defects in the seller's title. The trustee was such a purchaser on the date of commencement of the case by virtue of § 544(a)(3) and Kansas law. As such, the trustee is entitled to avoid the mortgage lien.[9]

### Knowledge of Debtors

■ Counsel for the bank argues that the Gilberts' knowledge of the mortgage should be imputed to the trustee. As the argument goes, the Gilberts obviously knew of the mortgage since they granted it and listed it in their schedules as an encumbrance. This is no doubt true. But, counsel fails to suggest any rule imputing the Gilberts' knowledge to the trustee. The trustee is a new entity that came into existence with the filing of the case without knowledge of past events. Code § 544(a)(3) gives the trustee the rights and powers of a hypothetical bona fide purchaser on the date of the filing of the bankruptcy. Nothing in § 544 or other Code provisions imputes the debtor's knowledge to the trustee upon his appointment. And although the bank's counsel claims to the contrary, he cites no authority for his argument.

### Reinstating the Mortgage

■ The bank's counsel contends, without supporting his position in the record, that the bank mistakenly released the mortgage. From this premise, he argues that under Kansas law a mistakenly released mortgage can be reinstated on equitable grounds. Indeed, Kansas law does permit the refiling and enforcement of a

---

7. A trustee may avoid any transfer voidable by a bona fide purchaser "against whom applicable law permits such transfer to be perfected. . . ." 11 U.S.C. § 544(a)(3).

8. BLACK'S LAW DICTIONARY 445 (Pocket ed. 1996).

9. *Lewis v. Kirk,* 28 Kan. 497, 1882 WL 1074 (1882); *Fisher v. Cowles,* 41 Kan. 418, 21 P. 228 (1889).

mistakenly released mortgage when the transaction involves only the parties to the instrument.[10]  But when a third party enters the picture, the rule is different.  The trustee is such an intervening third party whose presence negates the Kansas equitable rule relied upon by the bank's counsel.[11]

### Conclusion

The court therefore finds, based upon the documents attached to the motion for summary judgment and the stipulations in the pretrial order, that the trustee's motion for summary judgment is sustained and the mortgage lien avoided.

The forgoing discussion constitutes findings of fact and conclusions of law under Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52(a).  A judgment reflecting this ruling will be entered on a separate document in compliance with Fed. R. Bankr.P. 9021 and Fed.R.Civ.P. 58.

IT IS SO ORDERED.

---

10.  *Southern Kansas Farm, Loan & Trust Co. v. Garrity,* 57 Kan. 805, 808, 48 P. 33, 34 (1897); *Southern, et al. v. Southern (In re Southern),* 32 B.R. 761, 766 (Bankr.D.Kan.1983).

