**In re James A. DUFFY, Pamela S. Duffy, Debtors.**

**J. Michael Morris, Trustee, Plaintiff,**

**v.**

**James A. Duffy and Pamela S. Duffy, Kansas Department of Revenue; United States of America, (Internal Revenue Service) Defendants.**

**Bankruptcy No. 01–15805.
Adversary No. 02–5205.**

United States Bankruptcy Court, D. Kansas.

April 24, 2003.

J. Michael Morris, Wichita, KS, for plaintiff.

Jay D. Befort, Topeka, KS, Lucy L. Herlocker, Winfield, KS, Martin M. Shoemaker, Trial Attorney, Tax Division, U.S. Dept. of Justice—Special Litigation, Washington, DC, Teresa Dondlinger Trissell, U.S. Dept of Justice, Washington, DC, for defendants.

## ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

ROBERT E. NUGENT, Chief Judge.

Defendant United States, acting through the Internal Revenue Service ("IRS") moves for an order dismissing the chapter 7 trustee's amended complaint for turnover, or alternatively, for summary judgment, on the basis of lack of subject matter jurisdiction.[1] Citing 26 U.S.C. § 6402(f) of the Internal Revenue Code[2], the IRS contends that this court lacks jurisdiction to review an offset of debtors' income tax refund made by the IRS. For purposes of this motion, the Court accepts as true the statement of material facts, properly supported by the pleadings and record, as set forth by the IRS in its supporting memorandum of law. The trustee has waived his right to contest the factual statements by failing to respond to the IRS' motion.[3]

Debtor-defendants James and Pamela Duffy filed their bankruptcy case on December 6, 2001. The IRS was neither listed as a creditor in the schedules nor included on the matrix. Debtors received

---

1. Dkt. 14. The IRS' motion was brought in the alternative as a motion to dismiss or for *summary judgment and included a support-*ing declaration with an attached exhibit. Because the IRS has submitted some evidence beyond the pleadings, the motion is more properly characterized as a motion for summary judgment and this Court will treat it as such. *Trainor v. Apollo Metal Specialties, Inc.,* 318 F.3d 976, 978 (10th Cir.2002).

2. This statute is part of the federal tax refund intercept program ("TRIP").

3. Dkt. 15. *See* Fed. R. Bankr.P. 7012 and 7056; Fed.R.Civ.P. 56(c); *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir.2002).

their discharge on April 23, 2002. Thereafter, on May 24, 2002, the trustee filed a motion for turnover requesting the Court to order the debtors to turn over their 2001 federal and state tax refunds ("Turnover Motion"). The debtors did not object and an order was entered on June 21, 2002.[4] Neither the Turnover Motion nor the order was served on the IRS. According to the Turnover Motion, debtors provided the trustee with copies of their 2001 federal and state tax returns on or before May 1, 2002, at which time the trustee requested debtors to turn over any refunds they might receive. The trustee represents that the debtors failed to respond to his May 1, 2002 demand, suggesting that the tax returns were ready to be filed no later than May 1. According to the IRS, however, the debtors' tax returns were not filed until September 2, 2002. In any event, the official record of the debtors' account on file with the IRS reflected a $2,829 overpayment by debtors.[5]

On July 25, 2002, the trustee filed the instant complaint against the debtors, alleging that they had failed to turn over the refund and requesting revocation of their discharge. In response, the debtors filed an answer asserting that they had not received the refund and that they understood it to have been set off by the IRS. On December 12, 2002, the trustee filed an amended complaint, adding as parties defendant the IRS and the Kansas Department of Revenue ("KDR")[6], seeking recovery of the offset funds and a finding that the defendants had violated the automatic stay and had received postpetition transfers in violation of 11 U.S.C. § 549.[7] The summons was served on the IRS on December 16, 2002.

On September 2, 2002, prior to the trustee's amended complaint, the IRS offset the sum of $860.76 and paid it to the KDR. It also offset $1,953.35, paying an additional $860.76 to KDR and $1,092.59 to the U.S. Department of Education. The remaining $14.89 was refunded to the debtors.

The IRS now seeks dismissal of the amended complaint or entry of summary judgment due to lack of subject matter jurisdiction. The trustee has filed no response to the IRS motion, and accordingly, this Court may accept as true the facts as set forth by the IRS. The IRS has the burden of establishing its entitlement to summary judgment. Summary judgment is appropriate if there are no genuine issues of material fact and those uncontroverted facts show that the IRS is entitled to judgment as a matter of law.[8]

The IRS asserts that the above offsets of the debtors' tax refund were made pursuant to 26 U.S.C. § 6402(d) and (e), which provide that, upon receiving notice from any federal agency to whom the taxpayer is indebted[9] or a State to whom the taxpayer has an income tax obligation[10], the

4. Debtors were ordered to turnover $2,698.57 regarding their 2001 state income tax refund.

5. The trustee alleged in the Turnover Motion that debtors' 2001 tax returns showed refunds totaling $2,897 of which $2,698.57 was the estate's share.

6. Dkt. 8. The trustee sought to recover the amount of offset funds paid to KDR— $1,721.52.

7. In light of the Court's findings concerning jurisdiction, it need not reach or dispose of either the stay violation or § 549 issues. This ruling is limited to the issue of this Court's subject matter jurisdiction over the claims asserted against the IRS.

8. *In re Gilbert*, 274 B.R. 541, 542 (Bankr. D.Kan.2002).

9. 26 U.S.C. § 6402(d)(1).

10. 26 U.S.C. § 6402(e)(1).

IRS *shall* apply any overpayment which might otherwise be refunded to the taxpayer, to debts owed by the taxpayer to the federal agency or the state taxing authority. Further, section 6402(f) deprives any "court of the United States" of jurisdiction "to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), or (e)." Nothing in subsection (f) of the statute precludes any legal, equitable or administrative action against those federal agencies or state taxing authorities to whom the IRS has paid the set off funds.

While it appears to the Court that the 2001 tax refund is in fact property of the estate and that some of it may be recoverable from the KDR or debtors, the meaning of 26 U.S.C. § 6402(f) is very clear. This Court has no jurisdiction to review or restrain the IRS from effectuating the offsets.[11] Under the statute, the offsets are mandatory. The trustee has sought recovery of the offset funds directly from the KDR.

The Court finds that there are no genuine issues of material fact and that the IRS is entitled to judgment as a matter of law on the trustee's amended complaint. The IRS' motion for summary judgment is GRANTED and the trustee's amended complaint is DISMISSED as to defendant United States of America, acting through the Internal Revenue Service.

The Court notes that this case is set for a scheduling conference on May 1, 2003 at 9:00 a.m.

This setting shall remain in effect for the trustee and the remaining defendants.

---

**11.** *In re Williams,* 2000 WL 637313, 85 A.F.T.R.2d (RIA) 1491 (Bankr.W.D.Pa.2000).