**In re Renee SCALES, Debtor(s).**

**No. 11–50529.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

March 12, 2012.

Michael R. Beckett, Akron, OH, for Debtor.

**SUPPLEMENTAL MEMORANDUM OPINION RE: "MOTION FOR USDA—RURAL HOUSING DEVELOPMENT TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE FOUND IN CONTEMPT OF COURT" [DOCKET # 16]**

MARILYN SHEA–STONUM,
Bankruptcy Judge.

On January 30, 2012, the Court entered a "Memorandum Opinion Re: (1) Debtor's 'Amended Motion for Turnover of Property [Docket # 15] and (2) Debtor's 'Motion for USDA–Rural Housing Development to

Appear and Show Cause Why it Should not be Found in Contempt of Court' [Docket # 16]" (the "Initial Memorandum Opinion"). [The Initial Memorandum Opinion is incorporated by this reference as if fully rewritten herein and unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Initial Memorandum Opinion]. Pursuant to the Initial Memorandum Opinion, the parties were required to file supplemental pleadings to address the effect, if any, of debtor's bankruptcy filing on the application of 26 U.S.C. § 6402(d). Those supplemental pleadings were timely filed.

This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

## DISCUSSION

■ In its supplemental pleading, the USDOA contends that the filing of a petition in bankruptcy has no effect on the mechanical applications mandated by 26 U.S.C. § 6402(d) as evidenced by the provisions of subsection (g):

(g) **Review of reductions.**—No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of

such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act.

28 U.S.C. § 6402(g). Based upon the foregoing, it appears that the filing of Ms. Scales' bankruptcy did not alter the intercept process related to the 2010 Tax Overpayment which was set in motion before her petition was filed. *Larsen v. Larsen,* 671 F.Supp. 718, 719 (D.Utah 1987) ("Courts have recognized the limited and purely ministerial role that the IRS plays in the scheme provided for by Congress in offsetting the overpayment of taxes against [other] obligations."). *See also, In re Duffy,* 298 B.R. 775 (Bankr.D.Kansas 2003).

■ As noted in the Initial Memorandum Opinion, whether Ms. Scales had any right to receive all or some portion of her 2010 Tax Overpayment was contingent upon the IRS's determination of the amount of tax refund, if any, due her for the 2010 tax year. At the time she filed her bankruptcy petition, the IRS had not yet made such determination so Ms. Scales still held a contingent right to receive some or all of those funds. *Beaucage v. Internal Revenue Service,* 342 B.R. 408, 411 (D.Mass.2006) (noting debtor's error in presupposing that a tax overpayment is an asset of the debtor's estate rather than a property right contingent upon the IRS Secretary's exercise of discretion pursuant to 26 U.S.C. § 6402). However, once the IRS Secretary applied the netting provisions of 26 U.S.C. § 6402(d), the contingency necessary for debtor to receive any of the 2010 Tax Overpayment (that is, an entitlement of a tax refund) could no longer be satisfied and her contingent interest in those funds was extinguished. *Id.* at 410.[1]

---

**1.** A federal agency receiving funds through    the tax intercept program can be held respon-

 

In her supplemental pleading debtor contends that the IRS was not entitled to apply all of the 2010 Tax Overpayment to the Mortgage Deficiency because a portion of those funds are attributable to an earned-income tax credit which, debtor claims, cannot constitute an "overpayment." This argument was addressed by the U.S. Supreme Court in *Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). In that case, the Supreme Court held that an earned-income tax credit is an overpayment that is subject to the interception provisions of 26 U.S.C. § 6402(c).[2] Debtor has failed to set forth any argument as to why the Supreme Court's holding in *Sorenson* would not apply with equal force to the intercept provision at issue in this case. Accordingly, debtor's contention is unsupported in this case.

Debtor also contends that the 2010 Tax Overpayment cannot be applied to the Mortgage Deficiency because there was no compliance with a "60–day prior notice requirement." Debtor does not, however, provide *any* support for such contention. Moreover, as noted in the Initial Memorandum Opinion, counsel for debtor represented to the Court at the initial hearing on this matter that no factual issues were in dispute and, in her initial pleadings, debtor never contended that the United States was prohibited from applying the 2010 Tax Overpayments to reduce the Mortgage Deficiency under applicable provisions of Title 26 of the United States

Code. Accordingly, this argument is also unsupported in this case.

## CONCLUSION

Based upon the foregoing, the Court finds that debtor's "Motion for USDA–Rural Housing Development to Appear and Show Cause Why it Should not be Found in Contempt of Court" [docket # 16] is not well taken and is hereby DENIED.

---

sible *if it is demonstrated that its actions were inappropriate.* Had the USDOA been properly notified of Ms. Scales' bankruptcy filing, an issue of whether the automatic stay was violated might exist. However, as discussed in the Initial Memorandum Opinion, the netting provisions of 26 U.S.C. § 6402(d) occurred before the USDOA was properly notified of the bankruptcy filing and, thus, no actionable violation of the automatic stay could exist in this case. *See* Initial Mem. Op. at pp. 9–10.

**2.** Subsection (c) of 26 U.S.C. § 6402 requires the amount of any overpayment to be reduced by the amount of any past-due child-support payments assigned to a State.