FILED
United States Court of Appeals
Tenth Circuit

November 12, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CLEO CLEMMONS, as administrator
for Sheila Bowers (deceased),
BENJAMIN BOWERS, as successor
administrator for Roy Bowers
(deceased),

      Plaintiffs-Counter Defendants -
      Appellants,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
LORNA SLAUGHTER; FIRST
AMERICAN TITLE INSURANCE
COMPANY,

      Defendants - Appellees,

and

WELLS FARGO BANK, N.A.,

      Intervenor-Defendant
      Counterclaimant - Appellee.

No. 13-3204
(D.C. No. 10-CV-04141-JTM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiffs-Appellants Roy and Sheila Bowers, through their successor administrators, appeal from several orders of the district court concerning claims arising out of a mortgage refinance that failed to close, including claims for slander and disparagement of title, conversion, fraud, negligence, and violations of the Kansas Consumer Protection Act (KCPA) and the federal Real Estate Settlement Procedures Act (RESPA). Plaintiffs contend that: (1) the district court lacked jurisdiction over Wells Fargo's foreclosure claim based upon the original mortgage; (2) the district court should not have disposed of their claims by summary judgment; (3) the district court was not authorized to "rewrite" Plaintiffs' mortgage contract; (4) the district court erred in ordering equitable reinstatement of the original mortgage; (5) Wells Fargo was not entitled to an in personam judgment against Plaintiffs given its collection of their mortgage insurance premium; (6) First American Title Insurance Co. (First American) should not have been dismissed from the case; and (7) the Kansas Consumer Protection Act (KCPA) applies, notwithstanding the district court's contrary conclusion. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

In mid-2009, Plaintiffs initiated a refinance of a 2008 note secured by a residential mortgage, which at that time was held and serviced by Wells Fargo

- 2 -

Bank, N.A. (Wells Fargo). The refinance closing never occurred, but the closing agent, Transcontinental Title Company (Transcontinental), mistakenly informed Wells Fargo that it did. Accordingly, Wells Fargo released its 2008 mortgage lien and notified the mortgage insurer (FHA) which, in turn, terminated the applicable mortgage insurance policy. For four months, Wells Fargo sent the Plaintiffs statements with lower monthly payment amounts, as if the refinance had occurred.

In August 2009, Transcontinental advised Wells Fargo that the refinance closing had not occurred and reimbursed the closing fee. Wells Fargo then reinstated collection of the 2008 note. The terminated mortgage insurance was not reinstated. To correct its error in releasing the mortgage lien before satisfaction, Wells Fargo registered a notice of mistaken release of the 2008 mortgage (the "caveat") with the county register of deeds. The caveat was executed by Wells Fargo employee and MERS signing officer Lorna Slaughter.[1]

Despite the caveat, Plaintiffs refused to make payments on the reinstated 2008 note. Wells Fargo commenced foreclosure proceedings. Plaintiffs then sued MERS and Ms. Slaughter, claiming that the contents of the caveat were false and asserting the following counts: (I) slander and disparagement of title, (II)

---

[1] Mortgage Electronic Registration Systems, Inc. (MERS) was the mortgagee as nominee or agent for the originating debt holder and its successors or assigns, which was Wells Fargo at all times relevant to this action. As holder, Wells Fargo was entitled to enforce the note and mortgage.

conversion, (III) negligence, (IV) fraud and/or misrepresentations, and (VI) violations of the KCPA.[2]  Plaintiffs sought over $16 million in damages.

MERS and Ms. Slaughter removed the action to federal court on November 16, 2010.  Wells Fargo then dismissed its state foreclosure proceedings and successfully moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B).  Wells Fargo counterclaimed for equitable reinstatement of the 2008 mortgage and its foreclosure.

First American was added as a necessary party on Plaintiffs' motion, and, on March 19, 2012, Plaintiffs filed an amended complaint incorporating claims against First American related to its alleged role in the execution and recording of the caveat.  Plaintiffs also added Count V for violations of RESPA.

On September 11, 2012, the district court granted First American's motion to dismiss for failure to state a claim.  Bowers v. Mortg. Elec. Registration Sys., No. 10–4141–JTM, 2012 WL 3984471 (D. Kan. Sept. 11, 2012).  On October 4, 2012, the court granted the remaining defendants' motion for summary judgment and Wells Fargo's equitable counterclaim for reinstatement of the 2008 mortgage loan.  Bowers v. Mortg. Elec. Registration Sys., Inc., No. 10–4141–JTM, 2012 WL 4747162 (D. Kan. Oct. 4, 2012).  On March 26, 2013, the district court granted summary judgment on Wells Fargo's counterclaim for foreclosure and awarded attorney's fees to Wells Fargo, pursuant to the terms of the relevant loan

---

[2]  The original petition did not include a Count V.

documents.  Bowers v. Mortg. Elec. Registration Sys., Inc., No. 10–4141–JTM, 2013 WL 1308237 (D. Kan. Mar. 26, 2013).

## Discussion

We have repeatedly held that appellants must advance developed legal arguments, supported by authority, and provide record citations adequate to permit appellate review.  Fed. R. App. P. 28(a)(8)(A); see also U.S. Sec. and Exch. Comm'n v. Maxxon, Inc., 465 F.3d 1174, 1175 n.1 (10th Cir. 2006).  Arguments not raised before the district court cannot proceed here without a discussion of how they meet the plain error standard.  See McKissick v. Yuen, 618 F.3d 1177, 1189 (10th Cir. 2010).  With these principles in mind, we address Plaintiffs' many arguments below.

A.    The District Court's Jurisdiction Over Wells Fargo's Foreclosure Claim

Plaintiffs first argue that the district court erred in exercising jurisdiction over Wells Fargo's foreclosure claim.  Aplt. Br. 2.  Under this heading, they offer a variety of related jurisdictional arguments: the district court lacked subject matter jurisdiction to reinstate the original 2008 mortgage; it should not have allowed Wells Fargo to intervene in the first instance; any intervention should have been limited to defending against Plaintiffs' tort claims; and abstention as to Wells Fargo's foreclosure claim was appropriate because Kansas state courts have an important interest in developing a body of state foreclosure law.  Id. at 10–19.

- 5 -

According to Plaintiffs, the district court lacked authority to reinstate the original mortgage because a federal agency had previously denied Wells Fargo's request for the same relief. Id. at 10–12. However, Wells Fargo explains that the FHA denied its request to reinstate *insurance* that was cancelled when the mortgage was erroneously released—not the loan itself. Aplee. Br. 28–29 (citing III R. 178, 187, 497; II R. 750). Indeed, the FHA does not issue or reinstate mortgages, and Plaintiffs offer no support for their assertions to the contrary.

Plaintiffs next argue that the court erred in granting Wells Fargo's request for intervention both as of right or, in the alternative, permissively. We review an order granting intervention as of right de novo and an order granting permissive intervention for abuse of discretion. United States v. Albert Inv. Co., 585 F.3d 1386, 1390 (10th Cir. 2009); DeJulius v. New England Health Care Emps. Pension Fund, 429 F.3d 935, 942 (10th Cir. 2005). A party may intervene as of right when it "claims an interest relating to the property or transaction that is the subject of the action," and when disposing of the action would "impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Permissive intervention is appropriate when a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Plaintiffs assert that Wells Fargo's interests—primarily, in securing repayment of the original loan—bear no relationship to Plaintiffs' claims. They also argue that the district court should have remanded the action to state court

when it learned that Wells Fargo had initially filed a foreclosure action in, and therefore "selected," the Kansas court system. Aplt. Br. 17, 19. Neither argument is persuasive. Plaintiffs' claims rest squarely on the caveat, which was executed when Wells Fargo discovered that the 2008 loan was released in error and sought to enforce the 2008 note. Wells Fargo's interests are inextricably tied to property at issue in this action, and these interests share common legal and factual elements with Plaintiffs' various claims. Accordingly, Plaintiffs have shown neither error nor an abuse of discretion by the district court.

Next, Plaintiffs argue that, if allowed, Wells Fargo's intervention should have been limited to a defense of their tort claims; according to Plaintiffs, the federal district court did not have jurisdiction to hear Wells Fargo's additional affirmative claims for reinstatement and foreclosure. Id. at 14–17. Although 28 U.S.C. § 1367(b), cited by Plaintiffs, generally bars an intervening party from asserting claims through supplemental jurisdiction in a diversity action, this bar does not apply to claims which independently satisfy the requirements of original diversity jurisdiction. Here, all parties are citizens of different states, and Wells Fargo's claims for reinstatement and foreclosure placed more than $75,000 in controversy. 28 U.S.C. § 1332. The district court properly exercised its jurisdiction.

We need not address Plaintiffs' final jurisdictional argument that the district court should have abstained from hearing Wells Fargo's claims. Aplt. Br.

18–19.  They offer inadequate explanation and no legal support for this contention.  Fed. R. App. P. 28(a)(8)(A).

B.  Summary Judgment for MERS, Ms. Slaughter and Wells Fargo

Plaintiffs next contest whether the district court properly disposed of their tort claims at the summary judgment stage.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We review de novo a grant of summary judgment, viewing the facts and drawing reasonable inferences in the light most favorable to the non-moving party.  Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002).  In opposing summary judgment, the non-moving party must make a specific showing of a genuine issue of material fact suitable for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

In granting summary judgment, the district court set forth 28 pages of uncontroverted facts.  In their briefing and during oral argument, Plaintiffs challenge some of these facts and attempt to present a variety of new facts.  However, only a few facts—all clearly established in the record and fully considered by the district court—constitute the operative facts vis-a-vis Plaintiffs' tort claims.

- 8 -

*1. Slander of Title and Fraud*

A slander of title claim requires a false and malicious statement disparaging to a person's title to real property that causes him injury. LeBarge v. City of Concordia, 927 P.2d 487, 492 (Kan. Ct. App. 1996). A fraud claim requires "an untrue statement of fact, known to be untrue by the party making it, made with the intent to deceive or with reckless disregard for the truth, upon which another party justifiably relies and acts to his or her detriment." Alires v. McGehee, 85 P.3d 1191, 1195 (Kan. 2004). It is indisputable that the caveat contained only true statements—most importantly, that the original 2008 mortgage loan had not been fully paid or satisfied. Furthermore, Plaintiffs did not demonstrate either actual damage caused by the publication of the caveat or intent to disparage or deceive by any of the parties involved in its execution. Thus, their slander of title and fraud claims fail as a matter of law.[3]

*2. Conversion*

Conversion is the "unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." Bomhoff v. Nelnet Loan Servs., Inc., 109 P.3d 1241, 1246 (Kan. 2005). The district court found that, under Kansas law, a mortgage lien

[3] Plaintiffs may have intended to argue—which is by no means clear—that Wells Fargo's potential knowledge of the failed closing prior to its release of the original loan contributed to the disparaging or fraudulent nature of the caveat. Yet, Plaintiffs have failed to adequately allege, let alone offer any evidence, suggesting any intent on the part of Wells Fargo to disparage or deceive.

interest is not capable of being converted. Bowers, 2012 WL 4747162, at *15 (citing Tustin v. Baker, No. 93,250, 2005 WL 2254497, at *10 (Kan. Ct. App. Sept. 16, 2005)). Plaintiffs fail to provide any argument or legal authority to the contrary.

*3. Negligence*

The district court correctly held that the Defendants did not owe Plaintiffs a duty of due care. Id. at *16. As lender and borrower, Wells Fargo and Plaintiffs had an adversarial relationship, and Wells Fargo was not obligated to act in Plaintiffs' best interest. Jack v. City of Wichita, 933 P.2d 787, 793 (Kan. Ct. App. 1997). MERS and Ms. Slaughter similarly owed no duty, since they served merely as Wells Fargo's agents in executing the caveat.

Bank of America v. Narula, 261 P.3d 898 (Kan. Ct. App. 2011), cited by Plaintiffs, is not to the contrary. The court in Narula held that Bank of America owed its customers a duty of due care—but only as an exception to the general rule that a creditor-debtor relationship is not fiduciary in nature. Id. at 918. The court found "ample evidence" of a "long-standing, close relationship" and "special confidence" between Bank of America and the borrowers. Id. at 903, 918–19. Plaintiffs have not alleged such a special relationship here.

Regardless, even if Plaintiffs could somehow demonstrate that Wells Fargo and its agents owed them a duty of due care, Plaintiffs have not shown that such a

- 10 -

duty was breached by the recording of the caveat, which truthfully described and sought to correct the mistaken release of the original 2008 mortgage loan.

### 4. KCPA

Plaintiffs challenge the district court's holding that their KCPA claim fails because the communication at issue—the recording of the caveat—was related to a mortgage obligation and not to the "sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer." Bowers, 2012 WL 4747162, at \*16 (quoting Kan. Stat. Ann. § 50-624(c)). Regardless, Plaintiffs have not shown that the Defendants knew or had reason to know of any deceptive practices or unconscionable acts. Kan. Stat. Ann. §§ 50-626, 50-627. Again, we agree with the district court that the caveat was truthful.

### 5. RESPA

RESPA requires plaintiffs to pursue their claims within a one-year limitations period, running "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Courts generally interpret this to mean the date of the relevant closing. Snow v. First Am. Title Ins. Co., 332 F.3d 356, 358–60 (5th Cir. 2003). Plaintiffs' RESPA claims accrued no later than June or July of 2009, when Transcontinental allegedly failed to ensure that Plaintiffs' new mortgage was properly closed. The RESPA claims are time-barred.

*6. Outstanding Discovery Motions*

Plaintiffs argue that the district court should not have granted summary judgment in light of four outstanding discovery motions and a Rule 56(d) affidavit outlining various alleged failures by the Defendants to provide necessary information. Although a court may refuse summary judgment or defer consideration if the non-moving party shows, for specified reasons, that it cannot present facts essential to justify its opposition, Fed. R. Civ. P. 56(d), a court is not required to await the completion of discovery before ruling. Pub. Serv. Co. of Colo. v. Cont'l Cas. Co., 26 F.3d 1508, 1518 (10th Cir. 1994). When, as here, the non-movants seek broad additional discovery without demonstrating the essential value of specific evidence expected to be obtained, a grant of summary judgment is appropriate. Id.

C.      Rewriting of the Original Mortgage Contract

Plaintiffs contend that the district court "re-wrote" Plaintiffs' contract when it granted reinstatement of the 2008 mortgage loan. They first suggest that the court had no authority to reinstate the loan with a higher monthly payment than Wells Fargo previously charged Plaintiffs. Aplt. Br. 33. Yet, the record shows that the higher required payment was due to an increase in the escrow amount for real estate taxes and property insurance. III R. 199, ¶ 21–22. It was not, as Plaintiffs argue without support, a "mathematical impossibility." Aplt. Br. 33.

Next, Plaintiffs argue that the court should have reinstated the 2008 mortgage note using the new terms agreed upon for the failed refinancing. Id. Reinstating the original loan with terms other than those contained in the original loan contract would be, by definition, "rewriting" that contract—an action Plaintiffs argue is not authorized.

D.     Equitable Reinstatement of the Original Mortgage Loan

Plaintiffs correctly assert that a court cannot provide an equitable remedy, such as reinstatement, that would violate existing statutory or constitutional rights. Id. at 36. No showing of any such violation has been made here. Plaintiffs' conclusory allegations, including that Wells Fargo "wanted Roy's home" and that reinstatement has resulted in "substantial unfairness to the Bowers where they lost their life savings and home for paying what they agreed," id. at 37–38, will not suffice.

Plaintiffs also argue that the district court "ignored" homestead protections under the Kansas Constitution by reinstating the original loan, id. at 36, but Kansas law clearly allows equitable relief when a mortgage has been released in error. Mid-Continent Lodging Assocs., Inc. v. First Nat'l Bank of Chicago, 999 F. Supp. 1443, 1447–48 (D. Kan. 1998) (citing S. Kan. Farm, Loan & Trust Co. v. Garrity, 48 P. 33 (Kan. 1897); Conner v. Koch Oil Co., 777 P.2d 821 (Kan. 1989); Harper v. Cont'l Oil Co., 805 F.2d 929 (10th Cir. 1986); N. River Ins. Co. v. Aetna Finance Co., 352 P.2d 1060 (Kan. 1960)). Although Plaintiffs suggest

- 13 -

that the district court could have equitably found a mortgage on the terms that failed to close, rather than reinstating the 2008 mortgage, their failure to brief a reasoned argument in support means that any such argument is waived.

E.      In Personam Judgment for Deficiency After Foreclosure

We do not consider Plaintiffs' argument that they cannot be held liable in personam for any deficiency after foreclosure, Aplt. Br. 48–49, because Plaintiffs did not present this argument to the district court.  Schrock v. Wyeth, Inc., 727 F.3d 1273, 1284 (10th Cir. 2013); Quigley v. Rosenthal, 327 F.3d 1044, 1069 (10th Cir. 2003).

F.       Plaintiffs' Claims Against First American

This court reviews de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6) of a complaint for failure to state a claim, applying the same standards as the district court.  Teigen v. Renfrow, 511 F.3d 1072, 1078 (10th Cir. 2007); Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1034 (10th Cir. 2002).  The district court properly dismissed Plaintiffs' slander, fraud, negligence and RESPA claims against First American as time-barred.  Kansas law required Plaintiffs to bring their claim for slander of title within one year of the publication of the defamatory statement.  Kan. Stat. Ann. § 60-514.  Plaintiffs were required to bring their fraud and negligence claims within two years of the date when the fraud or act giving rise to the cause of action caused substantial injury or when that injury or fraud became reasonably ascertainable.  Id. § 60-

513(a)(3), (b).  The caveat underlying Plaintiffs' slander, fraud and negligence claims was registered on November 13, 2009; therefore, those claim are time-barred.  As discussed above, a one-year limitations period bars Plaintiffs' RESPA claim.

Concerning Plaintiffs' KCPA claim against First American, as discussed above, Plaintiffs failed to show any deceptive practice or unconscionable act in the recording of the caveat.

G.    Plaintiffs' KCPA Claims

We have addressed above why Plaintiffs' seventh issue on appeal, concerning their KCPA claims, fails.

We conclude that Plaintiffs' remaining arguments not specifically addressed above are either waived or without merit.

AFFIRMED.  All pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge